IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ALEXAS DAVIS<br><br>                    Defendant. | 8:23-CR-39<br><br>ORDER ON MOTION FOR<br>REVOCATION OF A RELEASE ORDER |

This matter is before the Court on the Government's Motion for Revocation of a Release Order. Filing 6. The Court previously entered a stay so that it could conduct a *de novo* review of the order issued by a magistrate judge in the United States District Court for the District of Kansas pursuant to the Government's request. Filing 11. Pretrial Services has recommended that defendant Alexas Davis be detained pending trial. Filing 22 at 5. Davis has filed a brief opposing the Government's Motion. Filing 18. For the reasons stated below, the Court grants the Government's Motion.

On February 22, 2023, a grand jury issued an indictment in the District of Nebraska charging Davis with conspiracy to sex traffic a minor, in violation of 18 U.S.C. §§ 1591(a), 1594(c). Filing 1 at 1–2. Davis was arrested shortly thereafter in Kansas. On March 8, 2023, Davis appeared before a magistrate judge in the District of Kansas for a detention hearing. Filing 9 at 3. The magistrate judge ordered Davis released on conditions. Filing 9 at 3. Later that day, the Government filed a Motion to Stay the magistrate judge's order releasing Davis with this Court, which this Court granted. Filing 11. The Government's Motion to Revoke the magistrate judge's release order remains pending.

1

When a defendant is ordered released by a federal judge in another jurisdiction, the Government may move to revoke the order in the district court have original jurisdiction over the charged offenses. 18 U.S.C. § 3145(a)(1). The district court's review of the order releasing the defendant is *de novo*. See *United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985).

18 U.S.C. § 3142 governs the release or detention of a defendant pending trial. The statute lists four options for a court: (1) release the defendant on personal recognizance or with an unsecured appearance bond; (2) release the defendant on conditions; (3) temporarily detain the defendant to permit revocation of conditional release, deportation, or exclusion; or (4) detain the defendant. *See* 18 U.S.C. § 3142(a). The Government may move for detention under two scenarios: (1) when the case involves one of the five categories of offenses listed in 18 U.S.C. § 3142(f)(1); or (2) when the case involves a "serious risk" the person will flee, obstruct justice, or intimate jurors or witnesses. 18 U.S.C. § 3142(f)(1)–(2). In this case, the defendant is charged with conspiracy to sex traffic a minor, in violation of 18 U.S.C. § 1591(a), so 18 U.S.C. § 3142(f)(1)(A) applies. *See* 18 U.SC. § 3142(f)(1)(A) (Government may move in a case involving "a violation of section 1591").

To detain the defendant, the Government must prove by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required" or show by clear and convincing evidence that no condition or combination of conditions will reasonably assure "the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (f)(2); *see United States v. Orta*, 760 F.2d 887, 891 n. 20 (8th Cir. 1985) (observing that § 3142 does not provide a standard of proof for risk of flight and holding that the preponderance of evidence standard applies). Nevertheless, the statute contains "a rebuttable presumption . . . that no condition or combination of conditions will reasonably assure

the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed" one of several enumerated offenses. 18 U.S.C. § 3142(e)(3). Relevant here, the presumption applies to offenses involving a minor victim under 18 U.S.C. § 1591, such as the offense in this case. *See* 18 U.S.C. § 3142(e)(3)(E). "In a presumption case such as this, a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). If the defendant successfully rebuts the presumption, it does not go away but instead becomes another factor for the court to consider when making its ruling. *See id.*

In making its determination to detain or release the defendant, the Court considers (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person," including a history of drug or alcohol abuse, criminal history, or a record involving the failure to appear at court proceedings; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The background of this case is as follows: During an investigation into the sex trafficking of a minor female, law enforcement discovered that Davis traveled with her girlfriend and codefendant Joan Robinson, and a minor female to Omaha, Nebraska. Filing 6 at 2. A male accompanied them in a separate vehicle. Filing 6 at 2. Robinson rented two adjacent hotel rooms in the male's name. Filing 6 at 2. Surveillance videos at the hotel show Davis and the rest of the

group, including the minor female, using the rooms from November 12, 2022, to November 14, 2022, to host apparent sex buyers. Filing 6 at 2. After a disagreement over money, Davis and Robinson left Omaha, leaving behind the minor female. Filing 6 at 2.

Investigators found numerous online commercial sex advertisements posted during the time the group was in Omaha, with some of them depicting the minor female alone and others discussing the three females together. Filing 6 at 2. During a search of the hotel rooms, law enforcement discovered approximately $1,080 in cash, cocaine, and clothing and accessories consistent with what was posted in the commercial sex advertisements. Filing 6 at 2. Investigators also recovered electronic messages involving sex trafficking from cell phones belonging to the minor female and others. Filing 6 at 3. In one conversation, the minor female and Davis discuss the content for a commercial sex advertisement, with Davis directing the minor female with what to include. Filing 6 at 3. In another series of messages, the minor female tells Davis to ask "j" to give her money so she can return home, leading to an argument between her and Davis about money. Filing 6 at 3.

Law enforcement interviewed Davis after her arrests. Filing 6 at 3. Davis admitted to knowing the age of the minor female and assisting in sex trafficking her. Filing 6 at 3.

To convict Davis of conspiracy to sex traffic a minor, the Government would have to prove that Davis voluntarily and intentionally joined in an agreement between two or more people to commit the crime of sex trafficking a minor while knowing the purpose of the agreement. 18 U.S.C. §§ 1591(a), 1594(c). Sex trafficking a minor involves (1) knowingly harboring, transporting, or maintaining by any means a minor; or benefitting by receiving anything of value from participating in a venture engaged in such acts; (2) knowingly or recklessly disregarding the fact that the minor was under 18 years old and would be caused to engaged in a commercial sex

act; and (3) the offense being in or affecting interstate commerce. 18 U.S.C. § 1591(a). The Court finds that the background of this case establishes probable cause to believe that Davis's conduct satisfies all the elements of conspiracy to sex traffic a minor. *See Bell v. Neukirch*, 979 F.3d 594, 603 (8th Cir. 2020) ("Probable cause . . . is not a high bar: It requires only the kind of fair probability on which reasonable and prudent people, not legal technicians act." (alteration in original) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). Thus, a rebuttable presumption arises that no condition or combination of conditions could reasonably assure Davis's appearance or the safety of any other person or the community.

Based on the information provided in the pretrial services report, the record received from the District of Kansas, the Government's Motion, and Davis's Brief in Opposition, the Court finds that this presumption has not been rebutted. There is no evidence that Davis is legitimately employed, and she has several instances of failing to appear. Filing 22 at 9–11. The Court finds it important that Davis failed to appear for several minor offenses and now faces a significant charge for sex trafficking a minor. Davis also has a history of violent conduct, including charges for domestic battery and a conviction for criminal damage to property. Filing 22 at 9–10.

The background of this case also favors detention. The evidence shows that Davis assisted in transporting and providing hotel rooms to help sex traffic a minor. Filing 6 at 2–3. Davis aided the generation of at least one of the advertisements for the minor female. Filing 6 at 3. The conspiracy shows some sophistication as it involved multiple individuals and planning. Filing 6 at 2–3. The weight of evidence, which includes electronic messages, video surveillance, and Davis's confessions, is substantial. The nature of the offense—the sex trafficking of a minor—also weighs in favor of detention.

In light of these facts, Davis fails to provide any evidence establishing that she does not pose a danger to the community or present a likelihood of nonappearance. Therefore, she has not rebutted the presumption of detention. Even if the presumption had been rebutted, in considering the entire record of this case and the relevant factors, the Court would find that the Government has met its burden in showing that no condition or set of conditions would reasonably assure Davis's appearance or the safety of any person or the community.

The Court will revoke the magistrate judge's order, grant the Government's Motion, and order that Davis be detained pending trial. Accordingly,

IT IS ORDERED that the Government's Motion for Revocation of a Release Order, Filing 6, is granted.

IT IS FURTHER ORDERED that, in accordance with 18 U.S.C. § 3142(i),

1. The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel; and

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 22nd day of March, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge