IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ALEXAS DAVIS,<br><br>　　　　　　　Defendant. | 8:23-CR-39<br><br>ORDER ON MOTION TO REVIEW DETENTION |

　　　　This matter is before the Court on defendant Alexas Davis's Amended Motion for Review of Detention. Filing 44. The Court will handle this Motion without a hearing. *See, e.g., United States v. Terry*, No. 5:20-CR-50021-001, 2020 WL 4745746, at *1 (W.D. Ark. June 23, 2020) (declining to hold a hearing on a motion for pretrial release); *United States v. Goodwin*, No. 19-CR-0168 (MJD/HB), 2020 WL 3064719, at *1 (D. Minn. May 4, 2020) (same); *United States v. Griffin*, No. 8:07CR186, 2007 WL 2729356, at *4 (D. Neb. Sept. 19, 2007) (adopting a magistrate judge's order denying a motion to reconsider a detention without a hearing). The Government opposes Davis's Motion. Filing 49. For the reasons below, the Motion is denied.

　　　　18 U.S.C. § 3142 allows a court to reopen a detention issue if the defendant learns of information "not known to the [defendant] at the time of the hearing . . . that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).[1] Such an analysis "focuses on whether the court can fashion conditions of release that will reasonably assure the defendant is not a risk of nonappearance or a risk of harm to any others or the community." *United States v. Bowers*, No. 19-00143-01-CR-W-BP, 2020 WL 5520567, at

---

[1] Davis's Motion makes clear that she is not moving for temporary release under 18 U.S.C. § 3142(i), which permits release when "necessary for preparation of the person's defense or for another compelling reason."

1

\*1 (W.D. Mo. Sept. 14, 2020) (quoting *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at \*3 (D. Kan. Mar. 25, 2020)). When evaluating a motion to reconsider detention under § 3142(f), the Court looks at if the new information reduces the risk of flight or danger to the community while considering the factors outlined under 18 U.S.C. § 3142(g). *See United States v. Ramirez-Rodriguez*, 453 F. Supp. 3d 1242, 1247 (D. Minn. 2020) (stating that the new information militated the risk of flight or danger and considering the § 3142(g) factors).

Davis has been charged with conspiracy to sex traffic a minor, in violation of 18 U.S.C. §§ 1591(1), 1594(c). Filing 37 at 1–2. After a magistrate judge in the District of Kansas ordered her release, the Court revoked the order upon the Government's motion and directed that Davis be detained pending trial. Filing 30. In its Order, the Court noted that Davis's offense raised a presumption of detention, *see* 18 U.S.C. § 3142(e)(3), which required Davis to rebut the presumption "by coming forward with evidence [she] does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). The Court concluded that the presumption was not rebutted. Filing 30 at 5. The Court also explained that the background of the case favored detention. Filing 30 at 5–6. Central to the Court's determination was the nature and circumstances of the charged offense, Davis failing to appear for prior offenses, and the weight of the evidence against Davis. Filing 30 at 5–6.

Davis's Motion states that the new information warranting release include Davis completing an anger management course and enrolling in rehabilitative programs while in custody, a substance-abuse evaluation recommending that Davis be placed in a long-term residential treatment facility, and Davis's acceptance in a women's residential program to address substance abuse, trauma, and life skills. Filing 44 at 1–2. This new evidence is submitted toward rebutting the presumption of detention in this case. Yet, even in those circumstances where the presumption

is rebutted, the presumption does not disappear entirely but instead becomes another factor for the Court to consider when making its ruli*ng. See* *Abad*, 350 F.3d at 797.

After considering the relevant factors, the Court concludes that the new evidence does change the Court's decision that Davis should be detained pending trial. Davis's admittance to a substance-abuse treatment program and her completion of anger management classes do nothing to address the reasons underlying the Court's prior order requiring Davis's detention. The nature and circumstances of the charged offense—sex trafficking a minor—are serious. As outlined by the Government, Davis and her codefendant, Joan Robinson, traveled with a minor female to a hotel in Omaha, Nebraska, to engage in commercial sex acts. Davis directed the minor female on what to include in the minor female's commercial sex advertisement. After quarreling with the minor female over money, Davis abandoned her at the hotel. Thus, the nature and circumstances of the offense charged, a relevant consideration under § 3142(g)(1), weighs heavily in favor of detention.

The weight of the evidence, another relevant factor under (g)(2), also heavily favors detention. As explained by the Government, the offense is captured on surveillance video at the hotel and depicts Davis and the minor female using hotel rooms to host sex buyers. Sex advertisements discussed Davis, Robinson, and the minor female together. A search of one of the hotel rooms uncovered clothing and accessories matching what was worn in the advertisements. There are messages between Davis and the minor female discussing the content of the advertisements and payment. Davis admitted to the offense in a post-arrest interview. The weight of the evidence against Davis is overwhelming.

Finally, Davis has prior failures to appear, two of which occurred just last year. Filing 22 at 9–10. The Court finds it important that Davis failed to appear for several minor offenses and

now faces a significant charge for sex trafficking a minor. Additionally, as the Government points out, Davis reports no ties to this community or any other reason why she would remain in this jurisdiction pending trial. Filing 49 at 3. Furthermore, despite being relatively young, Davis has a relatively lengthy criminal history that includes charges for domestic battery, criminal damage to property, and prostitution. Filing 22 at 9–10.

In considering the entire record of this case and the relevant factors, the Court finds that the Government has met its burden in showing that no condition or set of conditions would reasonably assure Davis's appearance or the safety of any person or the community. Davis's new information does not alter the Court's prior conclusion that she should be detained pending trial. Accordingly,

IT IS ORDERED:

1. Alexas Davis's Amended Motion for Review of Detention, Filing 44 is denied;

2. The Motion for Review of Detention, Filing 43, is denied as moot due to an amended motion being filed; and

3. The Clerk of Court is directed to terminate Filing 49 as a pending motion.

Dated this 26th day of April, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge
